IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW J. SHARP, individually and on behalf of all other similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-05223 |
| BANK OF AMERICA, N.A.; and BANK OF AMERICA CORPORATION, | Honorable Charles P. Kocoras |
| Defendants. | |

**DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Bank of America, N.A. ("BANA") and Bank of America Corporation ("BAC," and, with BANA, "Defendants"), by and through their attorneys, hereby move to dismiss plaintiff Matthew J. Sharp's class action complaint ("Complaint").

This Motion is made on the grounds that Plaintiff has failed to state any valid claim for relief. Under the relevant agreements covering BANA accountholders, BANA does not assess overdraft fees for non-recurring debit card transactions. Plaintiff seeks to hold Defendants liable for breach of those provisions based on BANA's practice of assessing overdraft fees on certain transactions made by "decoupled" debit cards, cards issued by third-party merchants and governed by agreements with those merchants, which a cardholder can link to a deposit account held at a financial institution. As explained in the concurrently filed Memorandum, each of Plaintiff's causes of action fail to state a valid claim for relief and must be dismissed:

<u>First Claim for Relief: Breach of Contract.</u> BANA's agreements expressly permit BANA to assess overdraft fees for automated clearing house transactions, such as Plaintiff's decoupled debit card transactions, and establish that decoupled debit cards are not "debit cards" within the context of the BANA agreements. Because Plaintiff's allegations and theory of breach are at odds with the express language of the relevant agreements, they cannot support a plausible claim for relief.

<u>Second Claim for Relief: Breach of the Covenant of Good Faith and Fair Dealing.</u> Illinois law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing; thus, the claim must be dismissed along with Plaintiff's deficient breach of contract claim. *See Hickman v. Wells Fargo Bank, N.A.*, 683 F. Supp. 2d 779, 793 (N.D. Ill. 2010). Further, the claim must be dismissed because the covenant has no applicability where, as here, a party to a contract exercises authority expressly reserved to it in the agreement. *See Cromeens, Hollosman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 395–96 (7th Cir. 2003).

<u>Third Claim for Relief: Unconscionability.</u> The third claim must be dismissed because the Complaint makes no allegation that the BANA agreements are procedurally unconscionable, and the imposition of an overdraft fee is not substantively unconscionable under Illinois law. *See Saunders v. Michigan Ave. Nat'l Bank*, 278 Ill. App. 3d 307, 317 (1996).

<u>Fourth Claim for Relief: Conversion.</u> Because BANA was expressly permitted to impose overdraft fees on the challenged transactions, Plaintiff cannot establish that Defendants wrongfully deprived him of any property. Moreover, it is well-established that Illinois law does not recognize a cause of action for conversion of intangible property, including funds in bank accounts. *See General Motors Acceptance Corp. v. Hartigan Cadillac, Inc.*, No. 86 C 4923,

1990 WL 16295, at *3 (N.D. Ill. Jan. 30, 1990). Plaintiff's conversion claim must therefore be dismissed.

Fifth Claim for Relief: Unjust Enrichment. Plaintiff's claim for unjust enrichment is wholly duplicative, and fails to state a claim along with Plaintiff's other claims. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

All Claims of Relief Against BAC. Each of Plaintiff's claims against BAC must be dismissed. The fact that BAC is BANA's parent does not provide a basis for imposing liability, *see SPD, LLC v. First Banks, Inc.*, No. 15-1443, 2016 WL 2360095, at *3 (C.D. Ill. May 4, 2016), and the Complaint's impermissible group pleading cannot support a claim for relief, *see Rysewyk v. Sears Holdings Corp.*, No. 15 CV 4519, 2015 WL 9259886, at *7 (N.D. Ill. Dec. 18, 2015).

This Motion is based on the concurrently filed Notice of Motion, Memorandum, Declaration of William K. Pao, the pleadings and other documents on file in this action, any other matters of which the Court may take judicial notice, and any oral argument of counsel.

| | |
|---|---|
| Dated: October 11, 2019 | Respectfully Submitted,<br>By: /s/ Elizabeth L. McKeen<br>      Elizabeth L. McKeen |

Elizabeth L. McKeen
emckeen@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

William K. Pao (admitted *pro hac vice*)
wpao@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Maurice Grant
mgrant@grantlawllc.com
Senija Grebovic
sgrebovic@grantlawllc.com
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, IL 60606
Telephone: (312) 551-0111
Facsimile: (312) 551-0112

*Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

Executed on October 11, 2019, at Newport Beach, California.

                                          /s/ Elizabeth L. McKeen  
                                             Elizabeth L. McKeen