IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW J. SHARP, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and BANK OF AMERICA CORPORATION,<br><br>Defendants. | Case No. 1:19-cv-05223<br><br>Honorable Charles P. Kocoras |

**MEMORANDUM IN SUPPORT OF DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION'S MOTION TO STRIKE PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS**

**I.     INTRODUCTION**

In *Bristol-Myers Squibb Co. v. Superior Court*, the U.S. Supreme Court held that a state does not have specific jurisdiction over the claims of non-residents, simply because other plaintiffs were injured in that state. 137 S. Ct. 1773, 1781 (2017) ("The mere fact that *other* plaintiffs were [injured] in California . . . does not allow the State to assert specific jurisdiction over the nonresidents' claims.") (emphasis in original). Numerous courts in this district have repeatedly upheld *Bristol*-Myers by rejecting putative nationwide classes because Rule 23 "must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that the federal court rules of procedure shall not abridge, enlarge, or modify any substantive right." *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018) (citations and internal quotation marks omitted); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16-cv-9281, 2018 WL 3474444, at *4 (N.D. Ill. July 19, 2018) ("In this class action, the *Bristol Myers* opinion is applicable and its import clear: The

Court lacks jurisdiction over the Defendants as to the claims of the nonresident, proposed class members.").

Here, Plaintiff pleads no facts showing that this Court has personal jurisdiction over BANA for claims on behalf of out-of-state accountholders. *See generally* Compl.; *see also id.* ¶¶ 38–48. Other than himself, Plaintiff has not alleged that **any** putative class members had **any** connection to Illinois or to **any** BANA activities in this state. *Id.* While this Court has jurisdiction over claims brought on behalf of Illinois residents, it lacks personal jurisdiction over BANA for claims brought on nonresidents' behalf. Therefore, Plaintiff's nationwide class allegations should be stricken from his Complaint.[1] *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2016 WL 1391045, at *2 (D. Kan. Apr. 7, 2016) ("Federal district courts have addressed at the pleading stage legal issues relating to some or all members of the putative class.") (collecting cases); *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 992 (N.D. Ill. 2010) (striking class allegations at the pleading stage to limit the class). *See also Garvey v. Am. Bankers Ins. Co.*, No. 17-CV-986, 2019 WL 2076288, at *2–3 (N.D. Ill. May 10, 2019) (striking nationwide class allegations pursuant to *Bristol-Myers*); *Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191, at *12 (N.D. Ill. May 16, 2018) (same).

## II. ARGUMENT

The Court should strike Plaintiff's overly broad putative class allegations—encompassing "[a]ll individuals in the United States" who have been assessed an overdraft fee by BANA triggered by a "decoupled" debit card transaction since June 1, 2010, *see* Compl. ¶ 38—for lack of personal jurisdiction. *Mussat v. IQVIA Inc.*, No. 17 C 8841, 2018 WL 5311903, at *3 (N.D.

---

[1] The Court need not decide this issue, of course, if it dismisses Plaintiff's Complaint in its entirety as requested in Defendants' concurrently filed motion to dismiss.

Ill. Oct. 26, 2018), *motion to certify appeal denied*, No. 17 C 8841, 2019 WL 3423661 (N.D. Ill. Feb. 20, 2019) ("Moving to the merits of the personal jurisdiction defense, this Court joins the litany of other courts in this District and elsewhere to hold that the Due Process Clause of the Fourteenth Amendment precludes the exercise of personal jurisdiction over a defendant in a putative class action where nonresident, absent members seek to aggregate their claims with an in-forum resident, even though the defendant allegedly injured the nonresidents outside of the forum.") (collecting cases).

To establish personal jurisdiction for the putative class, Plaintiff must show either general jurisdiction or specific jurisdiction. *See Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2019 WL 1294659, at *13 (N.D. Ill. Mar. 21, 2019). He has done neither one. "General jurisdiction exists where the defendant has 'continuous and systematic' contacts with the forum state." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). "This form of jurisdiction over a corporation is generally limited to its place of incorporation and/or principal place of business." *Id.* Here, general jurisdiction is absent because BANA is not incorporated in Illinois and does not have its principal place of business here. *See* Compl. ¶ 9. Although BANA conducts some business activities in Illinois, *see id.*, that is not sufficient to meet the high bar of establishing general jurisdiction. *See ACUITY v. Roadtec, Inc.*, No. 13-cv-6529, 2013 WL 6632631, at *6 (N.D. Ill. Dec. 16, 2013) ("Merely operating a nationwide business cannot be enough to consent to general jurisdiction in any state where a corporation transacts business.") (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927–28 (2011)); *cf. Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015) ("In recent years, the Supreme Court has . . . raised the bar for this type of jurisdiction.

3

Because general jurisdiction exists even with respect to conduct entirely unrelated to the forum state, the Court has emphasized that it should not lightly be found.").

To establish specific jurisdiction for the putative class, Plaintiff must show: "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Here, Plaintiff has not alleged that Illinois has any connection with the claims of out-of-state putative class members. *See generally* Compl.; *see also id.* ¶¶ 38–48. Under the U.S. Supreme Court's decision in *Bristol-Myers*, which established a strict pleading standard for putative class claims involving nonresident plaintiffs, the Court should strike Plaintiff's nationwide class allegations. *See* 137 S. Ct. at 1784.

Under *Bristol-Myers*, "the Fourteenth Amendment's due process clause precludes nonresident plaintiffs injured outside the forum from aggregating their claims with an in-forum resident." *Practice Mgmt.*, 301 F. Supp. 3d at 861. Thus, under "the Rules Enabling Act, a defendant's due process interest should be the same in the class context." *Id.*

Likewise, this Court "lacks jurisdiction over the Defendants as to the claims of the nonresident, proposed class members." *Am.'s Health & Res. Ctr., Ltd.*, 2018 WL 3474444, at *4. Plaintiff's attempt to aggregate his claims with those of nonresidents not allegedly injured in this forum is insufficient to sustain his putative national class. *See Practice Mgmt.*, 301 F. Supp. 3d at 865; *Leppert v. Champion Petfoods USA Inc.*, No. 18 C 4347, 2019 WL 216616, at *4 (N.D. Ill. Jan. 16, 2019). Therefore, this Court does not have general or specific jurisdiction over the Defendants with respect to nonresident putative class members' claims.

### III. CONCLUSION

None of Plaintiff's claims should survive the pleadings stage, as set forth in Defendants' concurrently filed motion to dismiss. If any do, however, this Court should strike Plaintiff's nationwide class allegations.

Dated: October 11, 2019

Respectfully Submitted,

By: /s/ Elizabeth L. McKeen
     Elizabeth L. McKeen

Elizabeth L. McKeen
emckeen@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

William K. Pao (admitted *pro hac vice*)
wpao@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Maurice Grant
mgrant@grantlawllc.com
Senija Grebovic
sgrebovic@grantlawllc.com
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, IL 60606
Telephone: (312) 551-0111
Facsimile: (312) 551-0112

*Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

Executed on October 11, 2019, at Newport Beach, California.

                                                                  /s/ Elizabeth L. McKeen
                                                                   Elizabeth L. McKeen